IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MELVIN RAY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION 05-0269-WS-M** |
| ) | |
| **STATE OF ALABAMA,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

  This matter comes before the undersigned on plaintiff Melvin Ray's Objection (doc. 15) to Magistrate Judge Milling's Order (doc. 13) of September 29, 2005.[1]

  A brief foray into the history of this action is necessary to provide the context for Ray's Objection. On May 6, 2005, Ray filed a pleading styled "Civil Action for Declaratory Judgment Pursuant to 28 U.S.C. § 2201" (doc. 1). Ray alleged that in February 1988 he was indicted by a grand jury in Etowah County, Alabama for three counts of burglary, in violation of Ala. Code § 13A-7-7, and three counts of theft of property, in violation of Ala. Code §§ 13A-8-3. In February 1990, Ray pleaded guilty to all six counts. It is undisputed that he served the sentences imposed for those crimes in their entirety before commencing the instant proceedings. In filing this action, Ray sought a declaratory judgment that the theft charges were redundant of the burglary charges, that such duplication violated his constitutional right to be free from double jeopardy, and that the state court was without jurisdiction to accept his guilty plea.

  On August 1, 2005, Magistrate Judge Milling entered an Order (doc. 9) explaining that the

---

  [1]  Plaintiff styles his pleading as a "Motion for Leave to File an Objection to the Magistrate Judge's Order." Pursuant to Rule 72, Fed.R.Civ.P., a party has the right to serve and file objections to any magistrate judge's order within 10 days. Ray's Objection was filed timely; therefore, he does not need leave of court to submit it, and the Court will consider the Objection in its present form.

declaratory judgment remedy is not available to a state inmate as a means of invalidating a state conviction.  On that basis, the August 1 Order directed Ray to refile his claims on either the district court's form for a complaint under 42 U.S.C. § 1983, or its form for a habeas corpus petition under 28 U.S.C. § 2254, recognizing that Ray may encounter insuperable legal obstacles with either approach.  Ray responded by requesting that Magistrate Judge Milling give him a third option, namely to seek a writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651(a).[2]  According to Ray, a writ of error *coram nobis* is available in a situation such as his, wherein a petitioner seeks to vacate a conviction after he has already completed his sentence and is no longer in custody as to that conviction.  (*See* doc. 12, at 4.)  Magistrate Judge Milling rebuffed this contention, finding that "§ 1651(a) or the writ of error *coram nobis* is not available to Plaintiff as he does not seek relief from a judgment imposed by a federal court."  (Order dated September 29, 2005 (doc. 13), at 2.)

   Ray now objects to Magistrate Judge Milling's September 29 Order.  In his Objection, Ray reiterates his contention that he is precluded from seeking § 2254 relief because he cannot satisfy that statute's "in custody" prerequisite.  He then points to one excerpt of ambiguous *dicta* taken out of context from *United States v. Peter*, 310 F.3d 709 (11th Cir. 2002), wherein the Eleventh Circuit declared that "[a] writ of error *coram nobis* is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody."  *Id.* at 712.  Because he has served his sentence, is no longer in custody as to the challenged conviction, and wishes to vacate that conviction, Ray maintains, *Peter* entitles him to pursue a writ of error *coram nobis*.  On that basis, Ray ascribes error to the Magistrate Judge's Order as foreclosing an avenue of relief that is available to him, as a matter of law.  Ray now requests that this Court overturn said Order pursuant to 28 U.S.C. § 636.

---

[2]    As grounds for this request, Ray noted that the habeas corpus option is unavailable to him, as a matter of law, because he has already completed the sentence for the challenged convictions, such that he is no longer "in custody" for habeas corpus purposes.  (*See* doc. 12, at 3-4.)  In support of this proposition, Ray cited *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), wherein the Supreme Court found that a habeas petitioner does not "remain[] 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted."  490 U.S. at 492.

Ray's reliance on *Peter* is misplaced. As Magistrate Judge Milling properly recognized, *Peter* involved a challenge to an underlying federal conviction, not to an underlying state conviction. The distinction makes a tremendous difference. Indeed, federal courts have uniformly held that they lack jurisdiction to issue writs of error *coram nobis* relating to state criminal convictions. *See Grene v. United States*, 448 F.2d 720, 721 (5th Cir. 1971) (explaining that the sentencing court is the only court that can grant relief in the nature of *coram nobis* relative to a criminal conviction); *Davis v. Roberts*, 425 F.3d 830, 836 (10th Cir. 2005) ("It has long been settled in this circuit that federal courts have no jurisdiction to issue writs of *coram nobis* with respect to state criminal judgments."); *Obado v. New Jersey*, 328 F.3d 716, 718 (3rd Cir. 2003) ("*coram nobis* is not available in a federal court as a means of attack on a state criminal judgment"); *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992) (*coram nobis* remedy sends applicant to the court that issued the challenged judgment); *Sinclair v. State of Louisiana*, 679 F.2d 513, 515 (5th Cir. 1982) ("A federal court which did not impose the sentence has no jurisdiction to issue a writ of error *coram nobis*"); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) (error *coram nobis* cannot issue where petitioner filed request in court other than that where judgment was entered); *Neyor v. I.N.S.*, 155 F. Supp.2d 127, 136 (D.N.J. 2001) ("The writ of error *coram nobis* is available in federal court only for those who were convicted in federal court."); Larry W. Yackle, *Postconviction Remedies* § 35, at 162 (1981) ("[T]he writ [of *coram nobis* ] is available only in the sentencing court to petitioners challenging federal convictions and sentences.").[3] The Court is unaware of any federal authority at any level and in any jurisdiction wherein the writ of error *coram nobis* has been issued by a federal court to review a state criminal conviction.

In light of the foregoing, the Court joins the multitude of jurists who have found that federal

---

[3] The differential treatment of state and federal convictions under the writ of error *coram nobis* lies in the reasons animating the creation of such a writ in the first place. "*Coram nobis* arose as a device to extend the period (originally limited to the term of court) in which the judge who rendered a decision could reexamine his handiwork." *Lowery*, 954 F.2d at 423. For a federal court to utilize the *coram nobis* vehicle to review and overturn a decision made by a state court would be to contravene the principles on which that writ is founded.

courts lack jurisdiction to issue writs of error *coram nobis* with regard to state criminal judgments.[4] For that reason, Ray is precluded as a matter of law from framing this action as a petition for writ of error *coram nobis*. Ray's Objections to Magistrate Judge Milling's Order of September 29, 2005 are **overruled**, and the September 29 Order is **affirmed**.

DONE and ORDERED this 7th day of November, 2005.

                                          s/ WILLIAM H. STEELE
                                          UNITED STATES DISTRICT JUDGE

---

[4] Even if the Court found that Ray could pursue a writ of error *coram nobis* in federal court as to his state criminal judgment, he would face a daunting legal standard. After all, "[t]he writ of error *coram nobis* is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). Furthermore, "courts may consider *coram nobis* petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *Id.* The Court does not reach these questions in Ray's case; nonetheless, there is considerable doubt that he could satisfy these onerous thresholds.