```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION


MELVIN RAY,                       :

     Plaintiff,                   :

vs.                               :    CIVIL ACTION 05-0269-WS-M

STATE OF ALABAMA,                 :

     Defendant.                   :
```

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.  Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing Plaintiff's action under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered. *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal,* 251 F.3d at 1348-49.

Under § 1915(e)(2)(B)(i), an action may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). An action is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the action seeks to enforce a right that clearly does not exist, *id.*, or there is an affirmative defense that would defeat the action, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Judges are accorded "not only the authority to dismiss [as frivolous] an action based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833.

II.  <u>Complaint (Doc. 16)</u>.

The Complaint that is before Court is a § 1983 Complaint that the Court ordered Plaintiff to file. Initially, when Plaintiff commenced this action, he filed a Complaint for Declaratory Judgment, challenging his Etowah County, Alabama, guilty pleas (Doc. 1). Upon review of the initial Complaint, the undersigned concluded that Plaintiff could not use a declaratory judgment to invalidate his state court convictions and, therefore, ordered Plaintiff to file his claims either on the

Court form for a complaint under 42 U.S.C. § 1983 or for a habeas petition under 28 U.S.C. § 2254, even though the Court recognized that there were problems with either choice (Doc. 9).

Plaintiff responded by filing a motion requesting that he be given the option to seek a writ of *error coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a) (Doc. 12). In this motion Plaintiff advised that the writ of habeas corpus was unavailable to him because his sentences were completed and he no longer was in custody on these convictions (Doc. 12). Upon consideration of Plaintiff's motion, on September 29, 2005, the undersigned found that the writ of *error coram nobis,* which is made available through the All Writs Act, could not be utilized by Plaintiff who was challenging state convictions and, therefore, ordered Plaintiff to comply with the Court's Order (Doc. 9) requiring him to complete either a § 1983 complaint form or a § 2254 petition form (Doc. 13). Plaintiff objected to this ruling (Doc. 15), but nonetheless filed the present § 1983 Complaint contemporaneously with the Objection to the Court's Order (Doc. 16). On review of the Objection, District Judge Steele overruled the Objection and affirmed the Order of September 29, 2005 (Doc. 17).[2]

---

[2]Plaintiff's reliance in his Objection on *United States v. Peter,* 310 F.3d 709 (11th Cir. 2002), was held to be misplaced (Docs. 13 & 17). The federal writ of *error coram nobis* was available to the defendant in *Peter* because he was challenging a federal conviction; whereas, Ray seeks to challenge state convictions. District Judge Steele cited to numerous cases holding that the federal writ of *error coram nobis* could not be

3

Turning to Plaintiff's § 1983 Complaint, he names as the sole Defendant the State of Alabama (Doc. 16).  Plaintiff alleges that the State accepted his guilty plea on February 9, 1990, to three counts of burglary, third degree, and three counts of theft of property, first degree, in the Circuit Court of Etowah County, Alabama.  Plaintiff claims that an element of the burglary charge is theft, thereby causing the theft charges to be redundant of the burglary charges, which is in violation of his right to due process and equal protection of the law and his right against double jeopardy.  Thus, Plaintiff maintains that the State was without jurisdiction to accept his guilty plea and, therefore, he seeks to have these convictions declared invalid and an injunction issued vacating these convictions and "what other relief the Court deems just."  (Doc. 16, at 7).  Plaintiff has completed serving the sentences corresponding to his guilty pleas, and is currently serving a sentence of life without parole on a murder conviction (Doc. 16, at 6).

Section 1983 requires a "person" be named as a defendant. 42 U.S.C. § 1983; *see Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981) (in order to state a claim under § 1983, a plaintiff must be deprived of a federal right by a "person" acting under color of state law), *overruled*

---

used to grant relief from state court convictions and that the sentencing court was the court from which the writ must emanate. (Doc. 17).

4

on other grounds, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).  A state, however, is not a "person" for the purpose of a § 1983 action.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989).  Thus, this § 1983 action against the State of Alabama is frivolous as a matter of law.

Moreover, an alternate basis for dismissal is sovereign immunity.  The Eleventh Amendment's sovereign immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a state's consent.  *Alabama v. Pugh*, 438 U.S. 781, 781, 98 S.Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978) (ruling the Eleventh Amendment barred an action against the state).  The two exceptions to sovereign immunity are if a state has waived its immunity or Congress has abrogated a state's immunity.  *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1524 (11th Cir. 1990).  Alabama, however, has not waived its Eleventh Amendment immunity.  *Pugh*, 438 U.S. at 782, 98 S.Ct. at 3057-58 (finding Article I, § 14, of the Alabama Constitution, prohibits Alabama from giving its consent and, therefore, the State of Alabama was entitled to Eleventh Amendment immunity); *Lancaster v. Monroe County, Ala.,* 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its Eleventh Amendment immunity).  Nor has Congress in § 1983 abrogated a state's Eleventh Amendment immunity.  *Carr,* 916 F.2d

5

at 1525 (citing *Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979)); *Sessions v. Rusk State Hosp.,* 648 F.2d 1066, 1069 (5th Cir. June 26, 1981).  For this additional reason, the § 1983 action against the State of Alabama is frivolous as a matter of law.

III.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de*

>    *novo* and a different disposition made.  It is
>    insufficient to submit only a copy of the original
>    brief submitted to the magistrate judge, although a
>    copy of the original brief may be submitted or referred
>    to and incorporated into the brief in support of the
>    objection.  Failure to submit a brief in support of the
>    objection may be deemed an abandonment of the
>    objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 30th day of June, 2006.

                                   <u>s/BERT W. MILLING, JR.</u>
                                   UNITED STATES MAGISTRATE JUDGE