**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**MELVIN RAY,** )
)
**Plaintiff,** )
)
**v.** ) **CIVIL ACTION 05-0269-WS-M**
)
**STATE OF ALABAMA,** )
)
**Defendant.** )

**ORDER**

This matter comes before the undersigned on plaintiff Melvin Ray's Objection and Motion to Strike Magistrate Judge's Report and Recommendation (doc. 24), with incorporated motion for leave to amend the complaint to name several additional parties defendant.

**I. Background.**

On May 6, 2005, Ray filed a pleading styled "Civil Action for Declaratory Judgment Pursuant to 28 U.S.C. § 2201" (doc. 1). Ray alleged that in February 1988 he was indicted by a grand jury in Etowah County, Alabama for three counts of burglary, in violation of Ala. Code § 13A-7-7, and three counts of theft of property, in violation of Ala. Code §§ 13A-8-3. In February 1990, Ray pleaded guilty to all six counts. Ray served the sentences imposed for those convictions in their entirety before commencing the instant proceedings. In filing this action, Ray sought a declaratory judgment that the theft charges were redundant of the burglary charges, that such duplication violated his constitutional right to be free from double jeopardy, and that the state court lacked jurisdiction to accept his guilty plea.

On October 20, 2005, after Magistrate Judge Milling informed Ray that he could not utilize the declaratory judgment procedure to invalidate a conviction by which he was confined, Ray filed an Amended Complaint (doc. 16) pursuing claims under 42 U.S.C. § 1983. This Amended Complaint names the State of Alabama as the lone defendant, and alleges that the State violated his due process and equal protection rights, as well as his right to be free from double jeopardy, by accepting his guilty pleas on redundant burglary and theft charges in 1990.

The Amended Complaint further reflects that Ray is presently incarcerated at Holman Correctional Facility, where he is serving a sentence of life without parole on a murder conviction dated January 26, 2001. The Amended Complaint requests that this Court "declare the priors invalid and find the convictions prohibited by the State and Federal constitutions. Issue injunction vacat[ing] illegal convictions, or what other relief the Court deems just." (Doc. 16, at 7.)

On June 30, 2006, Magistrate Judge Milling entered a Report and Recommendation (doc. 23) recommending that the Amended Complaint be dismissed with prejudice as frivolous, prior to service of process, on grounds that the State is not a "person" that can be sued under § 1983 and the claims against the State are barred by Eleventh Amendment immunity. Ray has now submitted a timely Objection and Motion to Strike the Report and Recommendation (doc. 24), including an incorporated request for leave to amend the Amended Complaint to name as additional defendants Troy King, Alabama's Attorney General; Jimmy Harp, Jr., a representative of the Etowah County District Attorney's Office; and James E. Hedgepeth, Jr., District Attorney of Etowah County.[1]

**II. Analysis.**

After careful review of the Report and Recommendation, as well as plaintiff's Objections to same, the undersigned concurs with the Magistrate Judge's conclusion that "this § 1983 action against the State of Alabama is frivolous as a matter of law" because the State is not a "person" who is subject to suit under that statute. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("a State is not a 'person' within the meaning of § 1983"); *see also* 42 U.S.C. § 1983 (providing that only "persons" may be sued for constitutional

---

[1] The purported Motion to Strike is **denied** as frivolous. As a general proposition, court filings may be stricken only if they are "redundant, immaterial, impertinent or scandalous," pursuant to Rule 12(f), Fed.R.Civ.P., or as a sanction for noncompliance with court orders, violations of applicable rules, or certain other misconduct. *See, e.g., Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."). If Ray's arguments on the merits are found to be valid, then his appropriate remedy is for this Court to sustain the Objections and decline to adopt the Report and Recommendation. Ray offers no conceivable reason why striking that Report and Recommendation would be appropriate or warranted.

deprivations under that statute).[2]

That said, Ray endeavors to overcome this pleading defect by seeking leave to amend his Amended Complaint to name three individual defendants. Because Ray previously amended his Complaint to change his theory of relief from the Declaratory Judgment Act to § 1983, he may not amend his pleading as of right at this time, but must first obtain leave of court. *See* Rule 15(a), Fed.R.Civ.P. (providing that "[a] party may amend the party's pleading once as a matter of course," after which "a party may amend the party's pleading only by leave of court"); *Adams v. Quattlebaum*, 219 F.R.D. 195, 197 (D.D.C. 2004) ("under Rule 15(a) the plaintiff enjoys an "absolute right" to amend the complaint once at any time prior to a responsive pleading or the granting of a motion to dismiss"). Consistent with the language of Rule 15(a), the Eleventh Circuit has explained that such leave should be "freely given," except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999). With respect to futility, the law of this Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999).

After careful review of the current Amended Complaint and Ray's proposed amendment of same to name three individual defendants, the undersigned finds that the amendment is futile for two reasons. First, even if his complaint were to name "persons" who could be sued under § 1983, Ray's claims must fail because the relief he seeks may not permissibly be awarded him

---

[2] Having determined that Ray's claims against the State are not cognizable as a matter of law because the State is not a proper defendant in a § 1983 action, the Court need not address the Magistrate Judge's alternate finding that plaintiff's claims are foreclosed by Eleventh Amendment immunity, or Ray's objection that Eleventh Amendment immunity is inapplicable because his Complaint seeks exclusively injunctive and declaratory relief.

under § 1983. Second, his claims relate to state action occurring some 16 years ago and would be untimely under any reasonable construction of the applicable limitations period.

It is well established that "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. ... He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). The Supreme Court has consistently "focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81. As Justice Breyer, writing for the *Wilkinson* majority, explained, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. at 81-82.[3] Here, it is abundantly clear that Ray, who is currently serving a life sentence on a murder conviction, is asking this Court to overturn his 1990 burglary and theft convictions that were used as "priors" in fashioning his life sentence, which in turn would necessarily invalidate a life sentence that was predicated on those "priors" (or at least require the Alabama courts to re-examine the propriety of that sentence given the vacatur of his prior felony convictions). That he is attacking his life sentence indirectly (by challenging the prior convictions used in computing that sentence) rather than directly is of no analytical significance. As Ray's objective is unquestionably to invalidate the duration of his present confinement, the *Wilkinson* line of cases

---

[3] In this regard, *Wilkinson* is simply the latest decision in an unbroken chain of Supreme Court precedent holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004) (Section 1983 "must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, ***where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence***" because such claims fall within the "core" of habeas corpus and are thus not cognizable under § 1983) (emphasis added).

conclusively establishes that Ray's putative § 1983 claims fall within the core of habeas corpus and are therefore not cognizable under § 1983, regardless of whether his requested amendment is permitted.

Even if the Court were to find that Ray's § 1983 claims were not barred under the principles enunciated in *Wilkinson*, dismissal would remain proper because the alleged violation of plaintiff's constitutional rights about which he complains herein occurred on February 9, 1990. Plaintiff filed the first iteration of his Complaint on May 6, 2005, and amended it to assert his § 1983 cause of action against the State of Alabama on October 20, 2005. Regardless of which date is used, some 15 years elapsed between the date of the alleged constitutional deprivation and the commencement of this litigation to remediate it. The statute of limitations for § 1983 claims is determined by reference to the applicable state law period for personal injury torts, which in Alabama is two years. *See City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 123 n.5, 125 S.Ct. 1453, 161 L.Ed.2d 316 (2005) (explaining general rule for computation of limitations period in § 1983 actions); *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) ("Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983.") (citation omitted); *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) ("the two-year limitations period of Ala. Code § 6-2-38(*l*) applies to section 1983 actions in Alabama").[4] As the Complaint was untimely by a wide margin, this action would be time-barred regardless of the fate of Ray's proposed amendment.

In light of the *Wilkinson* and limitations issues identified herein, the Court is of the opinion that Ray's Complaint would necessarily fail, irrespective of whether his requested amendment is permitted. For that reason, Ray's request for leave to amend his Amended

---

[4] *See also Smith v. Auburn University*, 201 F. Supp.2d 1216, 1227 n.6 (M.D. Ala. 2002) (applying Alabama's two-year limitations statute to § 1983 claims); *Shows v. Morgan*, 40 F. Supp. 1345, 1362 (M.D. Ala. 1999) (declaring that all § 1983 actions commenced in Alabama are governed by two-year limitations period of § 6-2-38); *Anderson-Free v. Steptoe*, 970 F. Supp.2d 945, 953 (M.D. Ala. 1997) ("Claims brought in Alabama and arising under 42 U.S.C. § 1983 are subject to a two-year personal injury statute of limitations."); *Gorman v. Wood*, 663 So.2d 921, 922 (Ala. 1995) ("the only statute of limitations applicable to § 1983 claims in Alabama is the two-year statute of limitations in Ala. Code 1975, § 6-2-38(*l*)").

Complaint is **denied** as futile.

**III. Conclusion.**

For all of the foregoing reasons, the undersigned **overrules** plaintiff's objections and **adopts** the Report and Recommendation (doc. 23) entered by Magistrate Judge Milling on June 30, 2006. Plaintiff's request for leave to amend his Amended Complaint to name additional parties defendant is **denied** on futility grounds. This § 1983 action is hereby **dismissed with prejudice**, prior to service of process as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A separate judgment will enter.[5]

DONE and ORDERED this 3rd day of August, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

[5] Although it is not necessary to reach this issue to dispose of Ray's Complaint in its entirety, the undersigned notes that any attempt to utilize the § 2254 habeas corpus remedy to attack expired state court sentences used to enhance a current state sentence would fail in the circumstances presented here. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 396, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (holding that § 2254 relief is unavailable when a state prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which petitioner is no longer in custody). Simply put, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." 532 U.S. at 403. As that is precisely the case here, Ray's 1990 state court convictions are deemed conclusively valid and are not now subject to attack via the § 2254 habeas corpus vehicle.